

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRUNSWICK BOWLING & BILLIARDS CORP., )
)
) No. 04 C 7624
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
POOL TABLES PLUS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Brunswick Bowling & Billiards Corp. ("Brunswick") and Pool Tables Plus, Inc. ("PTP") distribute and sell billiards tables. Brunswick, a Delaware corporation with its principal place of business in Lake Forest, Illinois, claims PTP misprepresents to customers that it is an authorized Brunswick table dealer and that Brunswick tables are inferior to those of competitors. Brunswick sues PTP under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and North Carolina state law for unfair competition and trade practices, trademark infringement and dilution, and intentional interference with business relations and prospective economic advantage. PTP moves to dismiss the complaint for lack of personal jurisdiction and improper venue. Alternatively, PTP moves to transfer venue to the United States District Court for the Western District of North Carolina.

## DISCUSSION

I. **Personal Jurisdiction**

In deciding a Rule 12(b)(2) motion to dismiss, PTP bears the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir.

1

2004); *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997); *ABN Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15390, *1 (N.D. Ill. Sept. 3, 2003). The court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *ABN*, 2003 U.S. Dist. LEXIS 15390 at *1. Any conflict presented by affidavit must be resolved in Brunswick's favor. *Id.* PTP's unrefuted facts are accepted as true. *Id.*

PTP contends personal jurisdiction is inappropriate because it is completely devoid of Illinois contacts. According to an affidavit filed by Cindy Kempisty, who attests she is PTP's sole proprietor, PTP: (1) does not have any retail outlets, offices, production or distribution facilities, telephone listings, dealers, agents, employees, bank accounts, property or assets in Illinois; (2) is not registered to do business in Illinois and has not made any sales in Illinois; and (3) does not advertise in Illinois or maintain an internet website.

A federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction over the defendant. *See RAR, Inc.*, 107 F.3d at 1275. An Illinois court has personnel jurisdiction only where permitted by state statutory law, and state and federal constitutional law. *Id.* at 1276. Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois and federal constitutions. *Id.* Courts typically consider the reach of Illinois due process by looking to federal constitutional limits on jurisdiction. *Id.* at 1276-77; *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). A defendant must have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945)

2

(citation omitted). Jurisdiction may be general or specific. *RAR, Inc.*, 107 F.3d at 1277. Brunswick contends specific jurisdiction exists.

To establish specific jurisdiction, Brunswick must demonstrate PTP "purposefully established minimum contacts" in Illinois and should "reasonably anticipate being haled into court" in Illinois. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). These contacts may not be fortuitous or attenuated. *See Jamison v. UGN, Inc.*, No. 03 C 6422, 2003 U.S. Dist. LEXIS 20688, *4 (N.D. Ill. Nov. 13, 2003). This requirement is satisfied if PTP purposefully directed its activities at Illinois and the litigation arises from injuries caused by those activities. *Burger King Corp.*, 471 U.S. at 474.

Brunswick identifies two websites that may be connected with PTP. Brunswick contends the websites list PTP's address and phone number, solicit sales and, coupled with injury to Brunswick in Illinois on account of PTP's tortious actions, sufficiently give rise to personal jurisdiction. Specifically, Brunswick contends PTP established minimum contacts under: (1) the sliding scale analysis applied to trademark infringement cases involving internet activities; and (2) the effects doctrine, based on injuries to Brunswick's intellectual property located in Illinois from PTP's tortious activities.

### A. Sliding Scale Test for Internet Activities

PTP's ownership and maintenance of an internet website is a disputed fact. Therefore, the court must accept Brunswick's version as true. *See ABN*, 2003 U.S. Dist. LEXIS 15390 at *1. Under the sliding scale test, the court evaluates the existence of minimum contacts by weighing the nature and quantity of PTP's activities. *See Watchworks, Inc. v. Total Time, Inc.*, No. 01 C 5711, 2002 U.S. Dist. LEXIS 4491, *16 (N.D. Ill. Mar. 19, 2002). Three categories of internet activity have

developed: (1) "active," when a defendant clearly conducts business with foreign jurisdictions over the internet through its website; (2) "interactive," when a defendant and potential customers in foreign jurisdictions may communicate regarding defendant's goods and services; and (3) "passive," when a defendant posts information on the website but does not maintain further communication with potential customers through the internet. *Id.*; *see also Donmar, Inc. v. Swanky Partners Inc.* No. 02 C 1482, 2002 U.S. Dist. LEXIS 15308, *9 (N.D. Ill. Aug. 19, 2002).

The Seventh Circuit recently confirmed that passive websites do not give rise to personal jurisdiction over a non-resident defendant. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir. 2004); *see also Edelson v. Ch'ien*, No. 03 C 7320, 2005 U.S. Dist. LEXIS 421, *18 (N.D. Ill. Jan. 11, 2005); *Watchworks*, 2002 U.S. Dist. LEXIS 4491 at *16; *Donmar*, 2002 U.S. Dist. LEXIS 15308 at *10. When websites are interactive but do not conduct business, "a court must examine the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Donmar*, 2002 U.S. Dist. LEXIS 15308 at *10. It is clear, upon review of Brunswick's evidence and the two websites, that the websites are passive or minimally interactive. The first website, reached through www.superpages.com, reflects a business profile for "Pool Tables Plus" and includes a North Carolina address, map information, a telephone number and payment options. It does not permit orders or interaction over the website. The second website, www.pooltablesflorida.com, lists Florida location information only and, while permitting e-mail interaction through a "contact us" link, does not permit orders over the internet. Notably, Brunswick

4

has not established that PTP's websites enable users to perform business transactions.[1] *See Edelson v. Ch'ien*, 2005 U.S. Dist. LEXIS 421 at *18.

PTP's limited internet activities, which clearly do not target out-of-state residents, let alone Illinois residents, are insufficient to establish minimum contacts in the absence of non-internet activities directed at Illinois. *See Donmar*, 2002 U.S. Dist. LEXIS 15308 at *10-11; *Watchworks*, 2002 U.S. Dist. LEXIS 4491 at *17-19; *Transcraft Corp. v. Doonan Trailer Corp.*, No. 97 C 4943, 1997 U.S. Dist. LEXIS 18687, *24-28 (N.D. Ill. Nov. 12, 1997). Websites merely providing information about a company and its products, including e-mail links to contact the company, do not give rise to personal jurisdiction. *Id.*

### B. Effects Doctrine

"Under the 'effects doctrine,' personal jurisdiction over a nonresident defendant is proper when defendant's intentional tortious actions aimed at the forum state cause harm to the plaintiff in the forum state, and the defendant knows such harm is likely to be suffered." *Riddell, Inc. v. Impact Protective Equip., L.L.C.*, No. 03 C 3309, 2003 WL 21799935, *3 (N.D. Ill. July 25, 2003); *see also Watchworks*, 2002 U.S. Dist. LEXIS 4491 at *16. The Seventh Circuit interprets the effects doctrine broadly to permit the state in which the victim of a tort suffers injury to entertain the suit, even if all other relevant conduct occurred outside the state. *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202-03 (7th Cir. 1997) (applying effects doctrine to tortious interference with prospective economic

---

[1] Brunswick contends PTP's website permits customers to log on, "presumably to conduct business," but that it was unable to progress past the log on page. Resp. at 7. Brunswick presents no evidence, affidavit or otherwise, to support this claim. The two website page attachments to the response do not reflect a log on page. While Exhibit 2 to the complaint depicts a log on page for Beach Manufacturing at www.beachmfg.com, there is no identification of Beach Manufacturing or explanation of its relation to PTP.

5

advantage claim and holding "the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders"). "Under the effects doctrine, courts have exercised personal jurisdiction over a defendant who commits a tort against an Illinois business when the injury is felt in Illinois." *See Int'l Molding Machine Co. v. St. Louis Conveyor Co.*, No. 01 C 8305, 2002 WL 1838130, *4 (N.D. Ill. Aug. 12, 2002) (citations omitted); *see also Riddell*, 2003 WL 21799935 at *3.

PTP has sufficient minimum contacts with Illinois to satisfy personal jurisdiction requirements. Brunswick alleges PTP's tortious actions, including infringement, misrepresentation and interference with business relationships and expectancy, resulted in injury felt by Brunswick in Illinois. Further, Brunswick contends PTP's tortious activities continued after it received a cease and desist letter from Brunswick's attorneys. Compl. at ¶ 22. PTP was presumably aware that Brunswick's principal place of business is in Illinois and that the injury would be felt most severely in Illinois. *See Ridell*, 2003 WL 21799935 at *3. Under these circumstances, it was foreseeable that PTP would be required to answer for its actions in Illinois. *Id.*; *see also Int'l Molding*, 2002 WL 1838130 at *4-5.

Exercising personal jurisdiction over PTP does not offend traditional notions of fair play and substantial justice. The most important factors relevant to this inquiry are the interests of the states involved and the relative convenience of litigating in each state. *See Ridell*, 2003 WL 21799935 at *4. Illinois has an interest in adjudicating the case because Brunswick is an Illinois company and PTP's alleged tortious activity caused injury in Illinois. *See Int'l Molding*, 2002 WL 1838130 at *5. Nor is it unduly burdensome for PTP to litigate in Illinois. While it would be more convenient for PTP to defend in North Carolina, travel to Illinois is not so oppressive as to offend traditional notions

of justice. *Id., citing Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp. 2d 824, 840 (N.D. Ill. 2000) (modern advances in transportation and communication make it more reasonable to litigate in a foreign forum). For the foregoing reasons, the motion to dismiss for lack of personal jurisdiction must be denied.

## II. Venue

In resolving a motion to dismiss for improper venue, Brunswick bears the burden of establishing that venue is proper. *ABN Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15390, *13 (N.D. Ill. Sept. 3, 2003). Any factual conflicts must be resolved in Brunswick's favor. *Id.*

Brunswick contends venue is appropriate under 28 U.S.C. § 1391(b)(2). When, as here, jurisdiction is not founded solely on diversity of citizenship, an action may be brought in "a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In fact, Brunswick does not seriously advance its contention that venue is appropriate under § 1391(b)(2). Resp. at 12. Brunswick does not allege a substantial part of the events giving rise to the claim occurred in Illinois. *Id.* Nor does it allege a substantial part of the property that is the subject of the action is situated here. *Id.* Brunswick's bald and unsupported assertion that venue under §1391(b)(2) is appropriate because this court has personal jurisdiction over PTP must be rejected.

Brunswick also contends venue is appropriate under 28 U.S.C. § 1391(c). Section 1391(c) states, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." PTP asserts it is not a corporation; Kempisty attests she is the "sole proprietor of Game Rooms to

Go d/b/a Pool Tables Plus." Mot. Ex. B. Brunswick has failed to produce probative evidence to refute this assertion. Brunswick provides information from the Florida Department of State that allegedly indicates Pool Tables Plus and Game Rooms to Go "[are] now, or [were] at one time" registered Florida corporations with Marie Kempisty, Jerome Kempisty and/or Richard Kempisty listed as registered agents. Resp. at 11; Exs. 4-5. Brunswick asserts PTP is not in fact a sole proprietorship given the "striking" similarity between the names. Brunswick concludes "this Court should allow Brunswick to discover the true corporate nature of Game Rooms to Go (d/b/a Pool Tables Plus) . . ." and "discovery is needed to confirm that venue is proper in this district." Resp. at 11-12.

Brunswick fails to meet its burden of refuting Kempisty's affidavit and establishing PTP is a corporation based on the sheer "coincidence" of names. Even if the court were to give weight to this coincidence, which it does not, the evidence fails to reflect PTP was a "corporation . . . subject to personal jurisdiction at the time the action is commenced" under § 1391(c). The Florida state records list the corporation's status as "inactive," its last event as "dissolution," and its last annual report was filed in 2002. This evidence does not establish PTP was a corporation when the 2004 complaint was filed. Brunswick fails to meet its burden of establishing venue under § 1391(c).

Venue is improper in this district and the case may be dismissed. 28 U.S.C. § 1406(a); *ABN Amro*, 2003 U.S. Dist. LEXIS 15390 at *13 ("when venue is improper in the district where the claim is filed, a federal district court may dismiss the action"). Brunswick's request to complete additional discovery to establish venue is denied because even if venue were appropriate, this court would exercise its discretion to transfer.

## III. Transfer of Venue

A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). "The task of weighing factors for and against transfer 'involves a large degree of subtlety and latitude' and it is a decision within the discretion of the trial judge." *Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973, *7 (N.D. Ill. Mar. 6, 2000) (citations omitted). Under § 1404(a), "the movant . . . has the burden of establishing that the suit should be transferred" and must prove "that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district." *Media Communs., Inc. v. Multimedia Sign Up, Inc.*, No. 99 C 5009, 1999 U.S. Dist. LEXIS 19460, at *10 (N.D. Ill. Dec. 13, 1999) (citations omitted). To prevail on a motion to transfer under § 1404(a), a movant must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), *quoting TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). The court assumes, for purposes of this analysis only, that venue is appropriate here. PTP submits evidence that Brunswick maintains a dealer location in the Western District of North Carolina, and Brunswick does not argue that venue in that court is inappropriate. Therefore, the court considers the convenience of the parties and witnesses and the interests of justice.

### A. Convenience of the Parties

In determining the convenience of the parties and witnesses, the court considers: (1) Brunswick's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums.

9

*Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, *3 (N.D. Ill. Jan. 20, 2000). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, *1 (N.D. Ill. Dec. 18, 2002). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

A plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiff's home forum. *See Pepsico, Inc.*, 2000 WL 263973 at *8. Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute. *Id.*; *see also Countryman v. Stein, Roe & Farnham*, 681 F. Supp. 479, 483 (N.D. Ill. 1987) (plaintiff's choice of forum given less weight if the cause of action "did not conclusively arise in the chosen forum"). The Western District of North Carolina bears a stronger relationship to the dispute. None of the alleged events giving rise to the complaint occurred in Chicago, or even Illinois. Trademark infringement claims "focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration" in deciding a motion to transfer. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) (citations omitted). Brunswick's choice of forum is thus given less weight and the site of material events clearly weighs in favor of transfer.

The relative ease of access to sources of proof favors transfer. Brunswick does not develop a specific argument addressing access to sources of proof, although it mentions intellectual property and letters are located in this forum. Documents necessary to present the case can easily be transported to either venue. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998).

However, the allegedly tortious activity occurred in North Carolina and the majority of relevant evidence is therefore located outside Illinois.

With respect to witness convenience, the court looks to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue. *Confederation Des Brasseries de Belgique*, 2000 WL 88847 at *4. Brunswick intends to seek testimony from its employees and officers who currently reside in this forum. Brunswick's current employees are irrelevant to the convenience analysis. *See Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000) ("It is presumed that a party's employees will appear as witnesses voluntarily"). The only other witness Brunswick asserts it will call, the private investigator who witnessed PTP's allegedly tortious acts, is located in New Jersey and is not an Illinois resident. In contrast, PTP contends the majority of third-party witnesses it intends to call, including customers, reside in North Carolina. Witness convenience favors transfer to North Carolina.

Consideration of party convenience also favors transfer. The court considers the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462 at *7 (N.D. Ill. Feb. 14, 2000). Brunwick resides in Illinois, but maintains a dealer location in the Western District of North Carolina. PTP resides in the Western District of North Carolina. While neither party submits evidence regarding the costs of litigating in the respective forums, PTP has provided uncontroverted evidence that it is run by a sole proprietor, presumably with limited resources, while Brunswick is a corporation.

### B. Interests of Justice

Finally, the court must consider whether transfer is in the interests of justice. This analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). One factor the court considers is the public interest in having a case resolved in a particular forum. *See Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, *8 (N.D. Ill. Aug. 11, 2000). This factor slightly favors PTP. While Illinois has an interest in entertaining cases where injury occurs in Illinois, the fact that Brunswick seeks injunctive relief against a North Carolina company increases North Carolina's interest in resolving the case. *See Celozzi*, 2000 WL 1141568 at *8.

PTP has clearly shown that North Carolina would be a more convenient venue for this litigation. Accordingly, even if Brunswick were to meet its burden of establishing venue in this district, transfer under § 1404(a) to the Western District of North Carolina would be warranted.

### CONCLUSION

For the foregoing reasons, PTP's motion to dismiss for lack of personal jurisdiction is denied, and its motion to dismiss for lack of venue is granted. The motion to transfer venue is moot.

February 16, 2005                                    ENTER:

                                                     *Suzanne B. Conlon*
                                                     Suzanne B. Conlon
                                                     United States District Judge